O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. CR 08-00755 DDP ✓ |
|---|---|---|
| | ) | (CV 10-07903 DDP) |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING MOTION FOR RELIEF** |
| v. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| JOEL JARENO LEUS, | ) | |
| | ) | (DOCKET NUMBER 68) |
| Defendant. | ) | |
| _____ | ) | |

This matter comes before the court on Petitioner Joel Jareno Leus ("Petitioner")'s Motion to Vacate, Set Aside, or Correct Sentence ("Petitioner's Motion") pursuant to 28 U.S.C. § 2255. Having reviewed the materials submitted by the parties and considered the arguments advanced therein, the Court DENIES Petitioner's § 2255 motion.

**I.   BACKGROUND**

On May 22, 2009, pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Petitioner pleaded guilty to possession of child pornography, a violation of 18 U.S.C. § 2252A (a)(5)(B) ("§ 2252A"). On October 5, 2009, Petitioner was
///

1    sentenced to 84 months' imprisonment. (Government's Opposition to

2    Petitioner's Motion ("Opp'n")at 2.)

3         Petitioner was originally indicted for a different offense:

4    using the internet to attempt to induce, entice, or coerce a minor

5    to engage in illegal sexual activity in violation of 18 U.S.C. §

6    2422(b).  Petitioner's counsel, Kerry Bensinger ("Counsel"), filed

7    pre-trial motions to (1) suppress evidence due to violations of the

8    Fourth and Fifth Amendment, and (2) dismiss the indictment. (CR

9    Dkt. Nos. 24, 25.)  At a hearing held on May 11, 2009, this court

10   indicated that it was inclined to deny the motion to suppress and

11   to grant the motion to dismiss.  In response, the government

12   charged Petitioner with one count of possession of child

13   pornography in violation of § 2252A, to which Petitioner would

14   ultimately plead guilty. (Dkt. No. 42.)  Petitioner's Counsel and

15   the government then proceeded to negotiate the plea agreement that

16   Petitioner would later accept. (Opp'n, Ex. C at 2-3.)

17        During plea proceedings, Petitioner agreed to the government's

18   Offer of Proof stating that Petitioner knowingly possessed at least

19   600 pictures of child pornography and gained possession of these

20   pictures through interstate or foreign commerce by computer.

21   (Opp'n, Ex. A, 5/22/09 RT: 17-18.)  Petitioner waived his right to

22   appeal any sentence imposed by the court and the right to

23   collaterally attack the conviction or sentence, unless such attack

24   was based on an ineffective assistance of counsel claim.  (Opp'n,

25   Ex. A, 5/22/09 RT: 13-14.)  Petitioner indicated that he understood

26   these rights, and was informed that such waivers are generally

27   enforceable in court. (Id.) Petitioner further acknowledged that he

28   reviewed the plea agreement with Counsel, that his signature,

1  binding him to the plea agreement, was voluntary and free, and that
2  he had not been coerced to plead guilty. (Opp'n, Ex. A, 5/22/09 RT:
3  4, 12, 15.)

4      Petitioner's instant motion claims ineffective assistance of
5  counsel based on Counsel's alleged (1) failure to raise the
6  unconstitutionality of the search and seizure of evidence and of
7  Petitioner's arrest, (2) failure to allow Petitioner reasonable
8  time to review and research the plea agreement, and use of coercion
9  and threats to obtain Petitioner's waiver of his rights, and (3)
10 "highly discouraging" advice that Petitioner not file a Notice of
11 Appeal.  (Mot. at 5-6).

12     Petitioner's motion also challenges his conviction on the
13 basis of (1) 4th Amendment violations and (2) "the unconstitutional
14 failure of the prosecution to disclose information and/or evidence
15 favorable to the defendant.". (Id.)[1]

16 **II.  LEGAL STANDARD**

17     A defendant may be entitled to relief under Section 2255 if
18 the sentence imposed: (1) violated the Constitution or the laws of
19 the United States; (2) was given by a court without jurisdiction to
20 do so; (3)exceeded the maximum authorized by law; or (4) is
21 otherwise subject to collateral attack.  28 U.S.C. § 2255(a). If
22 "the motion and the files and the records of the case conclusively

---

24     [1] In his supplemental briefs, Petitioner discusses additional
25 claims not raised in his original Motion, including (1) the plea
   agreement did not comply with contract law; (2) the crime was not
   under interstate commerce; (3) he was subject to admiralty
26 jurisdiction; and (4) the U.S. government committed fraud.  These
   claims are procedurally barred because Petitioner failed to raise
27 them in his original motion and did not timely amend his motion.
   See e.g., Microsoft Corp. v. i4i Ltd. P'ship, 131 S. Ct. 2238, 2251
28 (2011); Delgadillo v. Woodford, 257 F.3d 919, 930 n.4, 997 (9th
   Cir. 2008).

3

1   show that the prisoner is entitled to no relief," a resolution may

2   be reached without an evidentiary hearing.  28 U.S.C. § 2255(b);

3   <u>United States v. Mejia-Mesa</u>, 153 F.3d 925, 931 (9th Cir. 1998)

4   (district court may deny a Section 2255 motion where movant's

5   allegations "are so palpably incredible or patently frivolous as to

6   warrant summary dismissal." (quotation and citation omitted)).

7   When a petitioner alleges ineffective assistance of counsel, an

8   evidentiary hearing is necessary only if, assuming the petitioner's

9   factual allegations as true, the ineffective assistance of counsel

10   claim could prevail.  <u>U.S. v. Blaylock</u>, 20 F.3d 1458, 1465 (9th

11   Cir. 1994).

12   **III. DISCUSSION**

13        A.   Ineffective Assistance of Counsel

14        Under the Sixth Amendment, all criminal defendants enjoy the

15   right to effective assistance of counsel.  <u>Strickland v.</u>

16   <u>Washington</u>, 466 U.S. 668, 686-700 (1984). In <u>Strickland</u>, the

17   Supreme Court held that in order to show ineffective assistance of

18   counsel, a defendant must demonstrate (1) that counsel's

19   performance was deficient and fell below an objective standard of

20   reasonableness and (2) the defendant was prejudiced as a result and

21   deprived of a fair trial.  <u>Id.</u> at 687.  This two-part standard

22   applies to ineffective-assistance claims arising out of the plea

23   process.  <u>Hill v. Lockhart</u>, 474 U.S. 52, 57 (1985); <u>Nunes v.</u>

24   <u>Mueller</u>, 350 F.3d 1045, 1052 (9th Cir. 2003). In assessing

25   counsel's performance, courts must presume that counsel's conduct

26   and trial strategy "falls within the wide range of reasonable

27   professional assistance . . . ." <u>Strickland</u>, 466 U.S. at 689.

28

1          1.   Failure to Raise Constitutionality of the Arrest and
2               the Search and Seizure of Evidence

3     Petitioner claims Counsel failed to raise the
4 constitutionality of the search and seizure of the evidence and of
5 Petitioner's arrest.  Counsel did, however raise constitutional
6 issues in two separate pre-trial motions: (1) the motion to
7 suppress evidence and Petitioner's statements based on Fourth and
8 Fifth amendment violations and (2) the motion to dismiss the
9 indictment charging Petitioner with a violation of 18 U.S.C. §
10 2422(b).  Indeed, counsel's attempts were largely successful,
11 resulting in a lesser charge for a possession violation under §
12 2252A.

13     Furthermore, a knowing, voluntary, unconditional guilty plea
14 serves as a waiver of the right to challenge any prior
15 constitutional defects.[2] United States v. Lopez-Armenta, 400 F.3d
16 1173, 1175 (9th Cir. 2005).  Once he has pled, a defendant "may not
17 thereafter raise independent claims relating to the deprivation of
18 constitutional rights that occurred prior to the entry of the
19 guilty plea." Tollet v. Henderson, 411 U.S. 258, 267 (1973).

20          2.   Voluntariness and Validity of the Plea Agreement
21     Petitioner also argues that Counsel did not provide Petitioner
22 enough time to review the plea agreement, and that Counsel coerced
23 and threatened Petitioner into signing the agreement.[3]  It is well

24 _____

25     [2] The court addresses Petitioner's claim that ineffective
26 assistance rendered his plea involuntary infra.

27     [3] Challenges to the validity of a plea agreement that are
28 premised upon ineffective assistance of counsel may be brought on
collateral review.  Washington v. Lampert, 422 F.3d 864, 869-71
(9th Cir. 2005).

1  settled that the constitutionality of a guilty plea depends on "the
2  extent it is voluntary and intelligent[ly] [made]." <u>Bousley v.</u>
3  <u>United States</u>, 523 U.S. 614, 618 (1998)(citations omitted); <u>Brady</u>
4  <u>v. United States</u>, 397 U.S. 742, 748, 750 (1970) (a guilty plea that
5  is not the result of threats, force, or other promises is
6  considered voluntarily made).  If the "plea represents a voluntary
7  and intelligent choice among the alternative courses of action open
8  to the [Petitioner]," the guilty plea is valid.  <u>Hill</u>, 474 U.S. at
9  56-57 (citations omitted).

10      Here, Petitioner's claim contradicts his words and conduct at
11  the plea hearing.  A defendant's plea colloquy is given great
12  weight in determining whether the plea was voluntarily and
13  knowingly made. <u>See United States v. Boniface</u>, 601 F.2d 390, 393
14  (1979); <u>Chizen v. Hunter</u>, 809 F.2d 560, 562 (9th Cir. 1986).  The
15  Petitioner acknowledged that he reviewed the plea agreement with
16  Counsel, and confirmed that his decision to enter a guilty plea was
17  considered, voluntary, and free from "any threats which [might]
18  compel [him] to plead guilty." (Opp'n, Ex. A, 5/22/09 RT: 4, 12,
19  15, 20.)[4]

20      As to Petitioner's claim that Counsel threatened or coerced
21  Petitioner into signing the agreement, there is no evidence to
22  support this claim.  The competence of Counsel's advice is
23  presumed.  <u>Strickland</u>, 466 U.S. at 689.  Furthermore, Counsel

24  _____

25      [4] There appears to be an error in the reporter's transcript,
    such that where the court asked Petitioner to answer whether he had
26  sufficient time to think about and discuss the case with Counsel
    before coming to court, the transcript indicates that Counsel
27  responded "yes" instead of Petitioner.  (Opp'n, Ex. A, 5/22/09 RT:
    20-21).  That Petitioner, not Counsel, responded is clear from the
28  context of the question and practice of this court.  No party
    suggests otherwise.

1  confirms that he and Petitioner discussed the plea at length and

2  reviewed the various possible resolutions of Petitioner's case

3  before Petitioner signed the plea.  While Counsel did encourage

4  Petitioner to sign the plea, Counsel fully believed this was the

5  best possible resolution given the facts of the case. (Opp'n, Ex. C

6  at 3.)  It appears clear that Petitioner's plea was voluntarily and

7  knowingly made.

8              3.    Counsel's Advice Regarding Notice of Appeal

9      Petitioner claims his Counsel "highly discouraged" him from

10 filing a Notice of Appeal following Petitioner's acceptance of the

11 plea agreement and entry of a guilty plea.  (Mot. at 6.)  As part

12 of the plea agreement, Petitioner agreed to waive all claims on

13 appeal, save those based on ineffective assistance of counsel.

14 Waivers of the right to appeal are generally enforceable.  United

15 States v. Speelman, 431 F.3d 1226, 1229 (9th Cir. 2005); United

16 States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994).

17     During the plea hearing, Petitioner was explicitly informed

18 and acknowledged his understanding of the enforceability of appeal

19 waivers. (Opp'n, Ex. A, 5/22/09 RT: 13-14.)  Nevertheless,

20 Petitioner subsequently expressed an interest in appealing his

21 case.  (Mot. at 5-6; Opp'n, Ex. B at 2-3.)  Counsel does not

22 dispute that he informed Petitioner that "it would be a bad idea"

23 to file a Notice of Appeal.  Counsel explained to Petitioner that

24 filing a Notice of Appeal might constitute a breach of the binding

25 plea agreement, which would likely result in a harsher sentence and

26 could potentially expose Petitioner to further charges.  (Opp'n,

27 Ex. B at 2-3.)  Apparently convinced by Counsel's explanation,

28

1  Petitioner did not direct Counsel to file a Notice of Appeal.

2  (<u>Id.</u>)

3  Counsel's competent advice falls well within the bounds of

4  reasonable professional assistance.  Because Petitioner cannot

5  satisfy the first prong of the <u>Strickland</u> test, his ineffective

6  assistance claim fails.

7      B.   Remaining Claims

8      In addition to his ineffective assistance claims, Petitioner

9  argues that (1) his conviction resulted from evidence obtained in

10  violation of his Fourth and Fifth Amendment rights and (2) the

11  government has failed to disclose information and evidence crucial

12  to his case.  <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963).

13  As explained above, however, Petitioner waived his right to raise

14  these claims.  (Opp'n, Ex. A, 5/22/09 RT: 9.)

15      Even if Petitioner's claims were not precluded by the binding

16  plea agreement, he could not raise them in this Section 2255

17  motion.  Section 2255 "may not be invoked to relitigate questions

18  which were or should have been raised on a direct appeal . . . ."

19  <u>United States v. Marchese</u>, 341 F.2d 782, 789 (9th Cir. 1965).

20  Collateral attacks must meet a higher standard, and "may not do

21  service for an appeal."  <u>United States v. Frady</u>, 456 U.S. 152, 162-

22  64 (1982).  Thus, "[w]here a defendant has procedurally defaulted a

23  claim by failing to raise it on direct review, the claim may be

24  raised in habeas only if the defendant can first demonstrate either

25  [1] 'cause' and actual 'prejudice,' or [2] that he is 'actually

26  innocent.'"  <u>Bousley</u>, 523 U.S. at 622 (1998) (citations omitted).

27  Here, Petitioner does not argue, let alone demonstrate, that either

28  ///

of these exceptions rescue his otherwise procedurally barred claims.

**IV.    CONCLUSION**

    For the reasons stated above, Petitioner's motion is DENIED. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, the court DECLINES to issue a certificate of appealability.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

IT IS SO ORDERED.

Dated: June 25, 2013

                                     DEAN D. PREGERSON
                                     United States District Judge